**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAMERON LEE ATKINSON, | No.   20-17489 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05546-RS |
| v. | |
| META PLATFORMS, INC.; MARK ZUCKERBERG, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted November 18, 2021**
San Francisco, California

Before:  THOMAS, Chief Judge, McKEOWN, Circuit Judge, and MOLLOY,***
District Judge.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***     The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Atkinson appeals the dismissal of his claims without leave to amend.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

We review de novo dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016), *sub nom. Wilson v. Sessions*, 137 S. Ct. 1396 (2017).  We review constitutional issues de novo, *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 648 (9th Cir. 2006) (First Amendment), and consider factual findings more rigorously when First Amendment challenges are involved.  *Cf. Lair v. Bullock*, 798 F.3d 736, 748 n.8 (9th Cir. 2015) ("[O]ur review in First Amendment cases is more rigorous than other cases, [but] we still give some deference to the district court's factual findings.").  We review questions of statutory interpretation informing dismissal de novo, *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1090 (9th Cir. 2021), and denials of leave to amend for abuse of discretion, *Wilson*, 835 F.3d at 1090.

I

The district court properly dismissed Atkinson's First Amendment claim because he did not allege sufficient facts to infer that Meta Platforms is a

2

government actor.[1]  Unless certain exceptions apply, the First Amendment only
restricts government action.  *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct.
1921, 1928 (2019) (enumerating exceptions).  Dismissal is proper when a
complaint lacks "a cognizable legal theory" or "sufficient well-pleaded,
nonconclusory factual allegations" to state a plausible claim for relief.  *Beckington
v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (internal quotation marks
and citation omitted).

     Atkinson does not allege plausibly that the federal government "compel[led]
[Meta Platforms] to take a particular action," *Halleck*, 139 S. Ct. at 1928, or
"exercised coercive power," *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).
Allegations of *federal* coercion do not support the deprivation under color of *state*
law that Atkinson pleaded.  *See* 42 U.S.C. § 1983; *Heineke v. Santa Clara Univ.*,
965 F.3d 1009, 1013 n.3 (9th Cir. 2020) (finding that private actors are only
subject to § 1983 liability under a state action theory).  Even if such facts could
support his claim, Atkinson does not allege federal coercion sufficiently.  Instead,

---

     [1] Atkinson does not appeal the district court's dismissal of his argument that
Meta Platforms' performance of a traditional, exclusive public function made it a
government actor, *see Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921,
1928 (2019), so we do not address it.

his allegations cast Meta Platforms' decision to adopt community standards as a self-interested business decision.

Atkinson also does not plead sufficient facts to infer that Meta Platforms acted jointly with state governments. *Halleck*, 139 S. Ct. at 1928. We need not accept as true factual allegations that Atkinson's submitted exhibit contradicts. *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014). To the extent that Atkinson's allegations are not contradicted, they still do not reflect joint action. Absent more, the fact that state officials responded to Meta Platforms' unsolicited inquiries does not plausibly allege such a degree of "interdependence . . . that [the state] must be recognized as a joint participant" in Meta Platforms' editorial decisions. *Tsao v. Desert Place, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (citation omitted). Atkinson does not offer other facts that would make a joint action claim plausible, such as an agreement between state governments and Meta Platforms; state participation in Meta Platforms' corporate governance; financial ties between state governments and Meta Platforms; or Meta Platforms' regulation of state activities. *Cf. Brentwood v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 298–302 (2001) (explaining state action existed under such circumstances). We cannot infer that state officials "dominate[d]" Meta Platforms'

decision making from Atkinson's allegations. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008).

Finally, Section 230 of the Communications Decency Act does not independently transform Meta Platforms into a government actor for First Amendment purposes. 47 U.S.C. § 230. Here, too, allegations that Meta Platforms was a *federal* actor cannot support Atkinson's § 1983 claim. *Heineke*, 965 F.3d at 1013 n.3.

## II

The district court correctly dismissed Atkinson's claim pleaded under Section 230 because the provision does not establish a private right of action. Private rights of action to enforce federal law "must be created by Congress," and without a statutory manifestation of congressional intent, "a [private] cause of action does not exist and courts may not create one[.]" *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001).

Section 230 does not explicitly create a private right to sue, *see* 47 U.S.C. § 230, nor do its "language, structure, context, [or] legislative history" implicitly reflect any congressional intent to establish one. *Lil' Man in the Boat, Inc. v. City and County of San Francisco*, 5 F.4th 952, 958 (9th Cir. 2021). Section 230 is not "phrased in terms of [individual] persons benefited." *Gonzaga Univ. v. Doe*, 536

U.S. 273, 284 (2002) (holding no private cause of action absent such language);

*see also UFCW Local 1500 Pension Fund v. Mayer*, 895 F.3d 695, 699 (9th Cir.

2018) (stating the statute must place an "unmistakable focus" on the individuals

authorized to sue).  In fact, to the extent that it addresses private suits at all, Section

230 only uses "remedy-foreclosing" language.  *Mayer*, 895 F.3d at 699 (stating "a

statute must (at the very least) avoid remedy-foreclosing language" to confer a

private cause of action); *see* 47 U.S.C. § 230(c) (limiting liability).  Finally, in its

broader context, Section 230's "aggregate focus" on promoting free speech

online—rather than on "the needs of any particular person"—cautions against

concluding that a private cause of action exists.  *AlohaCare v. Haw. Dep't of

Human Servs.*, 572 F.3d 740, 746 (9th Cir. 2009).

III

The district court also properly concluded that Atkinson's breach of implied

warranty claim targets Meta Platforms' publishing decisions and is, therefore,

barred under Section 230(c)(1).  *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1107 (9th

Cir. 2009) (Section 230(c)(1) "precludes liability when the duty the plaintiff

alleges the defendant violated derives from [its] status or conduct as a publisher or

speaker."); 47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer

service shall be treated as the publisher or speaker of any information provided [by

6

a third party].").  Atkinson's implied warranty allegations all center on Meta

Platforms' removal of his posts.  He offers no facts indicating that Meta Platforms

"objective[ly] inten[ded]" to depart from Section 230's baseline protection or

waive its defenses.  *Barnes*, 570 F.3d at 1108.  As a result, his allegations

"necessarily involve[] treating [Meta Platforms] as a publisher of the content it . . .

remove[d]."  *See id.* at 1103 ("removing content is something publishers do"),

1102 n.8 (deciding "what to remove among the published material" is an editorial

decision).  Atkinson cannot circumvent Section 230(c)(1) "by changing the name

of the theory" or mislabeling "an action that is quintessentially that of a publisher."

*Id.* at 1102–03; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading

that offers labels and conclusions or a formulaic recitation of the elements of a

cause of action will not [survive dismissal]." (internal quotation marks and citation

omitted)).

## IV

Finally, the district court did not abuse its discretion in denying Atkinson

leave to amend his Connecticut Unfair Trade Practices Act claim to allege a nearly

identical claim under California law.  *Compare* Conn. Gen. Stat. §§ 42-110g(a),

42-110b(a), *with* 2021 Cal. Legis. Serv. Ch. 140, § 17204 (West) (amending Cal.

Bus. & Prof. Code § 17204), *and* Cal. Bus. & Prof. Code § 17200.  Dismissal with

prejudice and without leave to amend is appropriate when any amendment would be futile.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).  Atkinson has conceded he has no further facts to allege. Because Atkinson's California Unfair Competition Law claim would target the same publishing conduct as his implied warranty claim—the removal of his posts—it is also barred by Section 230(c)(1), and we need not reach its merits.  *See* 47 U.S.C. §§ 230(c)(1), (e)(3) (limiting liability for publishing conduct and preempting contradictory state laws); *Barnes*, 570 F.3d at 1103 (removing content is publishing conduct); *cf. Parents for Priv. v. Barr*, 949 F.3d 1210, 1239 (9th Cir. 2020) (affirming a dismissal with prejudice and without leave to amend where the plaintiff's legal theory must fail).

**AFFIRMED.**